CITY OF ST. LOUIS, Appellant, *v.* JOHN WITHAUS, Respondent.

## November 11, 1884.

1. CONSTITUTIONAL LAW — CHARTER — ORDINANCES. — The municipal assembly of the city of St. Louis has no power, at any special session thereof, to pass an ordinance as to a matter in no way alluded to in the opening message of the mayor.

2. —— Statements in the opening message that the mayor would propose other legislation, and subsequent messages proposing other legislation not specifically alluded to in the first message, will not authorize legislation on such subjects.

APPEAL from the St. Louis Court of Criminal Correction, NOONAN, J.

*Affirmed.*

LEVERETT BELL and ASHLEY C. CLOVER, for the appellant.

KLEIN & FISSE, for the respondent.

BAKEWELL, J., delivered the opinion of the court.

The defendant was prosecuted in the police court of the city of St. Louis for a violation of ordinance 12,509, entitled " an ordinance to prohibit heavy driving on certain streets," approved August 4, 1883. On trial anew in the court of criminal correction, defendant was discharged.

It appears from the agreed statement of facts upon which the cause was submitted below, that the ordinance in question was passed at a special session of the municipal assembly, called by the mayor as provided by the city charter. Its object is that indicated by its title.

It is provided by section 18 of article 4 of the charter of St. Louis (2 Rev. Stats. 1592), that " the mayor may, by proclamation, call special sessions of the assembly, giving not less than three days' notice, and shall specially state to them when assembled the objects for which they

have been convened, and their action shall be confined to such objects."

The special session at which the ordinance under consideration was passed, was assembled by virtue of a proclamation of the mayor dated June 6, 1883, which directed that it should commence on June 9, 1883.

When the two houses were assembled under this proclamation, the mayor stated the objects for which they were convened in a message in which the mayor says: " The primary object of the present special session is the adoption of an appropriation bill.   *   *   *   I also submit to you the dram-shop ordinance.   *   *   *   A third matter to which your attention is called.is the question of licensing meat-shops."   *   *   *   The message concludes as follows: —

" I have no other legislation to suggest at present.   It is not my wish to unnecessarily prolong the session.   I have called it to obviate any embarrassment arising by the recess taken in the first special session from June 5th to October 16th.   It rests with you to determine when the special session shall end.   It must, of course, terminate prior to October 16th.   I am not averse to submitting for your consideration any measure, if satisfied that the public interests demand that it shall be heard."

The three objects set forth above, are the only ones named in the message as objects for convening the session.

In the opening paragraph of the message, the mayor says: " You are convened in special session to-day, under the proclamation of the 6th instant, issued pursuant to section 18 of article 4 of the city charter; and I will briefly state the objects for which you are convened, first remarking, however, that your action is, by the above mentioned provision of the charter, confined to such objects as I may now, or shall hereafter during the pendency of the session submit to you."

In accordance with the intimation thus conveyed, G. W.

Parker, temporarily and lawfully acting as mayor, on June 15, and on a day when the assembly was in session under the above proclamation, sent a message to the assembly submitting for consideration the ordinance to prohibit heavy driving on certain streets, now before us, which had been introduced through the house of delegates. It is plain that this was not one of the objects named in the mayor's message delivered upon the assembling of the special session.

The state constitution provides (art. V., sect. 9), that the governor may convene the general assembly on extraordinary occasions by proclamation " wherein he shall state specifically each matter concerning which the action of that body is deemed necessary;" and the general assembly is forbidden (art. IV., sect. 55), when in extra session, " to act upon subjects other than those specially designated in the proclamation by which the session is called, or recommended by special message to its consideration by the governor after it shall have convened."

The charter and the constitution seem to differ in their provisions as to special sessions. By the one, the governor is authorized to recommend for consideration by special message objects not embraced in the proclamation calling the session; by the other, the mayor is obliged to state specifically, in his first message to the assembly, the objects for which it is called, and no omission as to this can be repaired by any subsequent special message. This seems to be the obvious consequence from the plain language of the charter. Nothing is said as to any subsequent special messages, but the action of the assembly is expressly restricted to such objects as the mayor shall state to them " when assembled " as the objects of the session. The words " when assembled " must have some meaning. Had the charter merely said " the mayor shall state to them the objects," etc., it might be reasonably contended that this statement might be made from time to time during the

session, as new matter for consideration might occur to the mayor. But the charter is express that legislation at a special session must be confined to such objects as the mayor "shall specially state to them when assembled," that is, according to the ordinary use of the phrase "upon their assembling" or "so soon as they are assembled." The language can not be intended to mean that the mayor's message must not be delivered before the assembly convenes, or after it has adjourned. The message plainly could not be delivered to a body not in session. If the words do not mean "once for all, upon the assembling of the body," they mean nothing at all.

When a legislative body is called in extra session upon extraordinary occasions, its action is not confined to the subjects mentioned in the proclamation or message, unless the organic law provides that it should be so confined. But such provisions are found in the constitutions of many states; the object of such restriction is obvious; and where it exists in the organic law, no legislation in violation of the restriction can be sustained. Cooley's Const. Lim. (6th ed.) 155, 187.

The language of the constitution of Tennessee is, or was, that the governor "may on extraordinary occasions, convene the general assembly by proclamation; and shall state to them, *when assembled*, the purposes for which they have been convened; but they shall enter upon no legislative business except that for which they were specially called together." It was held there that the object of the provision was to check overlegislation, and to render laws somewhat more stable, by furnishing a period of at least two years during which they may be, in some degree, subjected to the test of experiment. It was held there, that the legislation of an extra session may embrace any subject that properly springs out of the business for which the legislature were called together. *Mitchell* v. *F. & C. S. Co.*, 3 Humph. 456.

But I do not believe that this or similar language has ever been held to sanction successive messages introducing new subjects one after another to the extra session, not alluded to in the call.

The charter of St. Louis provides for one session of the assembly to be held annually. To uphold the present ordinance, in view of the facts above set forth, would be to maintain that the assembly in special sessions may legislate upon any subject whatever within the scope of the powers of the assembly, that may happen to suggest itself to the mayor, or to be suggested to him during the special session; and thus a special session would be hardly distinguishable from a general session. We are of opinion that the charter provision was meant to guard against such general legislation at a special session, to impose a limit to legislative action, to be defined when the assembly meets, to confine the assembly when assembled in special session, to such objects as the mayor may have had specifically in view in calling the special session, and to compel the mayor to state definitely and specifically to the assembly, so soon as it convenes, the particular objects for which he has called it together in special session.

If we are right in the view which we take of this provision of the charter it becomes unnecessary to consider the other questions as to the validity of the provisions of the ordinance before us, which are elaborately argued in the briefs of learned counsel for respondent and the city.

We are of opinion that the passage of the ordinance under the circumstances set forth above, was *ultra vires* of the municipal assembly in the special session at which it was passed; and for this reason, we affirm the judgment of the court below. Judge Thompson concurs. Judge Lewis is absent.