## THE CITY OF ST. LOUIS, *Appellant*, v. WITHAUS.

1. **City of St. Louis:** MUNICIPAL ASSEMBLY: SPECIAL SESSION: CHARTER. Under the charter of the city of St. Louis, article 4, section 12 (2 R. S., p. 1592), the city assembly, when called in special session by the mayor, can legislate only on subjects specially stated to it at the time that it is so assembled.

2. ——— : ——— : ——— : ———. It cannot, in such special session, legislate on additional matters communicated to it by the mayor, while in session, but after the time when it assembled.

*Appeal from St. Louis Court of Appeals.*

AFFIRMED.

*Leverett Bell* for appellant.

The objects for which the special session was convened, as stated by the mayor in his message, were the consideration of the appropriation bill, and the dramshop and meat shop bills, and such other measures as the mayor should be satisfied the public interest required a hearing to be given to. Ordinance 12,509 came within the last mentioned specification, and it was duly submitted by the acting mayor, and objection to its

passage at the special session cannot be upheld. The purpose of the charter provision, section 18, article 4, (2 R. S., p. 1592), is to retain in the hands of the mayor control of legislation at a special session, by confining the objects of the session to such matters as the mayor shall specially state to the assembly when assembled in special session. It is a narrow construction of this provision to limit the power of the mayor to the objects mentioned in his message at the opening of the special session. At any time during the existence of the session, he may submit a measure for action. But, in this case, if the first mentioned construction is applied to the charter provision, the ordinance in question here was validly enacted, because, in his first message to the special session, the mayor stated that he would thereafter submit any measure on which, in his judgment, action was required in furtherance of the public interest, and in accordance with this statement he did, thereafter, specially submit to the special session ordinance 12,509.

*Klein & Fisse* for respondent.

The municipal assembly had no power to pass ordinance number 12,509 at its special session, as it did not fall within either of the three objects named in the message of the mayor of the city as the objects for which the assembly had been convened by him. (*a*) Under the charter of the city the legislative action of the assembly was confined to those objects which were specially stated to them by the mayor in his message as the objects for which they had been convened. City Charter, art. 4, sec. 18 ; 2 R. S., p. 1592 ; *City of St. Louis v. Withaus*, 12 Mo. App. 247. (*b*) The mayor having specially stated to the assembly, when assembled, the objects for which he had convened them, could not thereafter increase those objects, or open the door to legislation on other subjects not embraced in his special statement at the time of their assembly.

SHERWOOD, J.—The defendant was prosecuted and fined in the police court for violating section one of ordinance 12,509, and appealed to the court of criminal correction, where, on a trial anew, he was found not guilty. The city then appealed, and the judgment was affirmed in the St. Louis court of appeals. 16 Mo. App. 247.

This case brings in question the validity of the ordinance mentioned. It was passed at a special session of the municipal assembly of the city of St. Louis. Section 18 of article 4 of the city charter (2 R. S., 1592), in reference to such sessions provides: "The mayor may, by proclamation, call special sessions of the assembly, giving not less than three days' notice, and shall specially state to them, when assembled, the objects for which they have been convened, and their action shall be confined to such objects."

The case hinges on the proper interpretation of the words "*when assembled.*" Words are to be taken in their ordinary sense. The ordinary meaning of the adverb "when" is, *at the time that.* Webster's Dict. The meaning for which the city contends would convert *when* into *while,* the effect of which would be to turn special sessions into general ones, in open repugnance to charter provisions. If this conclusion is correct, then such conclusion is not in the least affected by the concluding words of the mayor's message to the special session: "I am not averse to submitting for your consideration any measure, if satisfied that the public interests demand that it shall be heard." Because the mayor, being required by the charter to specially state to the municipal assembly the objects for which they have been convened, could not "reserve the right to submit other measures if the public interests demanded a hearing for them." Such a reservation is unknown to the charter, and, besides, does not "specially state" the objects for which the assembly has been convened.

A special statement is a very different sort of thing from a right reserved to make a special statement at some subsequent period.

The judgment of the court of appeals is, therefore, affirmed. All concur.