Peelle, Ch. J.,
delivered the opinion of the court:
This claim is before the court by reference by the Secretary of the Treasury October 24,1904, under the act of March 3, 1883 (22 Stat. L., 485), known as the Bowman Act, on the recommendation of the Comptroller for an advisory opinion.
The claimant, though duly notified of the reference of the claim more than thirty days prior to January 22, 1908, the date said case was submitted, has failed to appear and file his petition herein, in respect to which rule 30 of the court provides: “ If no claimant directly or indirectly interested appears and files his petition within six months, the Attorney-General, upon thirty days’ notice to the parties who appear by the papers transmitted to be interested therein, may set the case down for trial upon such evidence as he may submit. Where such case was transmitted by the head of an executive department the court will proceed to try the case upon the statement made by the head of such department.”
The Comptroller submits the following questions:
“ First. Did the fact that the officer did not return immediately to the United States on his discharge, but remained in the Philippine Islands for the time intervening between June 30, 1901, and May 7, 1903, deprive him of his right to the reimbursement ot the traveling expenses incurred by him for sea travel on his return in 1903 ? ”
*223 The claim arises, if at all, under the act of March 2, 1901 (31 Stat. L., 902), which reads:
“ That hereafter when an officer shall be discharged from the service, except by way of punishment for an offense, he shall receive for travel allowances from the place of his discharge to the place of his residence at the time of his appointment or to the place of his original muster into the service four cents per mile: * * * Provided further, That for sea travel on discharge actual expenses only shall be paid to officers * * * .”
Upon the claimant’s discharge from the volunteer service June 30, 1901, he was paid travel pay at the rate of 4 cents per mile for all land travel from the place of his discharge in the Philippine Islands to Philadelphia, the place where he had accepted his commission. Not having performed any sea travel as a consequence of such discharge he incurred no expenses. On the contrary, he remained in the Philippine Islands, and thereafter, on October 7, 1901, reentered the military service as second lieutenant, Thirtieth U. S. Infantry, and on May 28, 1902, was promoted to first lieutenant, in which grade he is still serving.
In May, 1903, while so serving he applied fpr and was granted four months’ leave of absence, to take effect upon his arrival in the United States. Upon the granting of said leave the claimant proceeded to the United States on the U. S. army transport Sheridan, arriving June 6,1903. The claimant paid no fare on the vessel, but did pay his subsistence ($45), which he claims under the proviso to the act cited. The contention of the claimant before the department was that inasmuch as he had performed no travel upon his discharge from the volunteer service June 30, 1901, but did on his return home, two years later, on leave, therefore he is entitled to the actual expenses incurred by him for the sea travel on said transport. That is to say, that the proviso creates a perpetual grant until such sea travel has been performed.
The proviso must be construed in connection with the context or body of the act which precedes it, which it, “ That hereafter when an officer shall be discharged from the service * * * he shall receive * * * four cents per mile.” *224 The word “hereafter” is qualified by the adverb “when.” That is to say, the duration of the “ hereafter ” is limited by the word “ when ” which follows, and, from the context, was evidently intended by Congress as an adverb of time, i. <?., “ when discharged ” such officer shall receive the travel pay and expenses therein contemplated. (United States v. Willings, 4 Cranch, 48; City of St. Louis v. Withaus, 90 Mo., 646; Strawick v. Monhall, 139 Penn., 163.)
The “discharge ” mentioned in the proviso is the same as that mentioned in the body of the act. The language must be construed as a whole, treating the proviso as carving out an exception, not in respect to time, but in respect to the amount to be paid for sea travel when discharged. Therefore, when discharged the officer’s right to the travel pay and actual expenses accrued; and to entitle him to receive the actual expenses he must, within a reasonable time thereafter, perform the travel contemplated by said act. The reimbursement is for money expended in returning to his home — for going directly from the place of his discharge to the place where he entered the service; not immediately, but directly, i. e., without engaging in any intermediate employment or occupation.
In this connection the presumption must be indulged that when an officer is discharged the Government is prepared to return him to the place of his entry into the service by the payment of 4 cents per mile for land travel and actual expenses for sea travel.
The claimant not having availed himself of the act as therein contemplated thereby lost his right to reimbursement.
“ Second. Does the fact that at the time the officer made the return journey he was then in the military service of the United States and made said return journey while on a leave of absence affect his right to reimbursement of his actual expenses incurred on said sea journey? ”
We have answered the first question without reference to the claimant having been at the time of said sea travel an officer in the army traveling on leave of absence. The rule is that when an officer is on leave whatever travel he per *225 forms is on his own motion and for his own benefit and therefore is not travel enjoined for which the Government would be liable.
The sea travel by the claimant on leave while in the Regular Army can not be construed into sea travel upon discharge from the volunteer service two years prior thereto.
Such travel within a reasonable time after discharge is a condition precedent to the right to reimbursement for actual expenses thereby incurred. This the claimant failed to do, and instead reentered the military service in the Regular Army at the place of his discharge, therefore the sea travel which he performed was that of an officer on leave, and not sea travel upon discharge from his prior service, and he is not entitled to reimbursement.
The findings and this opinion will be certified to the Secretary of the Treasury.